**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALISON CIOFFI,**<br>**Plaintiff,**<br>**v.**<br>**GILBERT ENTERPRISES, INC., et al.,**<br>**Defendants.** | **Civil Action No. 12-11376-FDS** |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

This is a personal injury case arising out of an altercation between two female workers at a strip club in Providence, Rhode Island, known as Club Fantasies. Plaintiff Alison Cioffi alleges that she sustained a serious head injury when a fellow dancer at the club, Phonesavanh Phengthalangsy, smashed a glass over her head and face. She also alleges that defendant Gilbert Enterprises, Inc. failed to provide a safe and secure workplace. Subject matter jurisdiction is based on diversity of citizenship.

Defendant Gilbert Enterprises has moved to dismiss for three reasons: (1) that plaintiff's claims are barred by the statute of limitations; (2) that the Court does not have personal jurisdiction over Gilbert Enterprises pursuant to Fed. R. Civ. P. Rule 12(b)(2); and (3) that venue is improper pursuant to Fed. R. Civ. P. Rule 12(b)(3). For the reasons discussed below, the Court will withhold ruling on defendant's motion to dismiss until the parties submit supplemental briefing on the question of whether the case should be dismissed or transferred to the District of Rhode Island.

## I. **Background**

### A. **Factual Background**

#### 1. **Cioffi's Employment and Injury**

Plaintiff Alison Cioffi is a resident of Woburn, Massachusetts. (Compl. ¶ 1). She has worked as an "exotic dancer" for the past twenty years. (Cioffi Aff. ¶ 3). During that time, she has worked in nightclubs located in Massachusetts, Connecticut, New York, and Rhode Island. (Cioffi Aff. ¶ 4).

In the spring of 2009, Cioffi sought employment at a Providence nightclub. (Cioffi Aff. ¶ 16). She specifically targeted Providence nightclubs because of their reputation for having a large number of patrons and for being busy despite the economic downturn. (Cioffi Aff. ¶¶ 16-17). Cioffi alleges that such nightclubs had a reputation for attracting Massachusetts patrons in particular. (Cioffi Aff. ¶ 16).

Club Fantasies is a strip club in Providence, Rhode Island. In March 2009—when she was residing in Waltham, Massachusetts—Cioffi contacted one of the managers of Club Fantasies to ask about a job. (Cioffi Aff. ¶ 18). She informed him that she lived in Massachusetts. (Cioffi Aff. ¶ 19). She also informed him that, because of the long drive from her home in Waltham to Providence, she would only be interested in working night shifts at the club. (*Id*.). The manager asked her to come in for an audition. (Cioffi Aff. ¶¶ 19-20). Cioffi traveled to Providence for the audition, and was hired. Shortly thereafter, Cioffi began working at Club Fantasies. (Cioffi Aff. ¶ 22). She worked there for approximately two weeks. (Cioffi Aff. ¶ 27). Her last night of work was the night of the events giving rise to this lawsuit. (Compl. ¶ 8; Cioffi Aff. ¶ 27).

On April 19, 2009, Cioffi and Phonesavanh Phengthalangsy were both working as dancers at the club.[1] (Cioffi Aff. ¶¶ 27-28). Cioffi alleges that she was sitting with a customer when Phengthalangsy rushed at her and smashed a glass into her head and face. (Compl. ¶ 8, Cioffi Aff. ¶ 28). Cioffi alleges that she suffered significant injuries from the attack, requiring reconstructive surgery and other treatment. (Compl. ¶ 9). Her recovery led her to miss work for a substantial period of time, resulting in a loss of wages. (Compl. ¶ 10).

### 2. The Contacts of Gilbert Enterprises with Massachusetts

Defendant Gilbert Enterprises, Inc., is a corporation organized under the laws of Rhode Island with a principal place of business in Providence, Rhode Island. (Keith Aff. ¶ 3). It is the operator of Club Fantasies. (Def. Br. at 1). Club Fantasies is the only business venture owned and operated by Gilbert Enterprises. (Keith Aff. ¶ 4).

Gilbert Enterprises has never owned or operated any business locations, offices, or real estate in Massachusetts. (Keith Aff. ¶ 5). Its employees work exclusively in Rhode Island, and perform no employment duties in Massachusetts. (Keith Aff. ¶ 8). It does not sell any products or services in Massachusetts, and does not direct any promotions to Massachusetts residents. (Keith Aff. ¶ 9). It does not currently advertise in Massachusetts; however, the corporation did once place an advertisement in an entertainment periodical that was circulated in Boston. (Keith Aff. ¶ 10).[2] The corporation also maintains a non-interactive website for Club Fantasies. (Keith

---

[1] The complaint alleges that the incident occurred "on or about April 19, 2009." (Cioffi Aff. ¶¶ 27-28). Defendant contends that the incident actually occurred on April 18, 2009. (Def. Br. at 2). Defendant submitted a Providence Police Department Incident Report dated April 18, 2009. (Def. Br., Ex. C). At this stage in the suit, the Court will not consider facts beyond the pleadings. It will accept the truth of all well-pleaded facts, and will take plaintiff's asserted date of April 19, 2009, to be correct.

[2] In his affidavit, the manager of Gilbert Enterprises indicates that the exact year the advertisement ran is unknown. However, he states that it was "several years ago." (Keith Aff. ¶ 10).

Aff. ¶ 11).

Gilbert Enterprises is not registered with the Massachusetts Secretary of State as a foreign corporation doing business in Massachusetts, and has not appointed a resident agent for service of process in the state. (Keith Aff. ¶ 6). The corporation has never maintained a bank account or paid any taxes in Massachusetts. (Keith Aff. ¶ 6). It has no shareholders or assets in Massachusetts. (Keith Aff. ¶ 12).

Cioffi alleges that, in her estimation, half of the patrons she conversed with during her employment at Club Fantasies indicated that they were from Massachusetts. (Cioffi Aff. ¶¶ 23-24). In addition, she alleges that approximately half of the dancers and other employees at the nightclub were from Massachusetts. (Cioffi Aff. ¶ 25).

**B. Procedural Background**

On April 19, 2012, plaintiff filed a complaint against Gilbert Enterprises, Inc.; Doe d/b/a Club Fantasies; and Phonesavanh Phengthalangsy in Middlesex Superior Court. Plaintiff contends that she sustained personal injuries when she was assaulted by Phengthalangsy while working at Club Fantasies. She alleges that defendant Phengthalangsy assaulted her, and that Gilbert Enterprises failed to provide a safe and secure workplace. The case was removed to this Court by defendant Gilbert Enterprises on August 3.

There is no indication from this Court's docket, nor from the docket, files, and records of the Middlesex Superior Court, that defendant Phonesavanh Phengthalangsy has been served by plaintiff with a summons and complaint. On July 18, plaintiff was granted an additional 30 days in which to file service of process on Phengthalangsy. The case was removed shortly thereafter, and no proof of service has yet been filed with this Court.

Defendant Gilbert Enterprises has moved to dismiss under Fed. R. Civ. P. 12(b)(6),(2), and (3). It contends that plaintiff's claims are barred by the statute of limitations, and therefore fails to state a claim upon which relief can be granted. It also contends that this Court does not have personal jurisdiction over it and that venue is improper. For the reasons stated below, the Court will not reach the statute of limitations issue.

## II. Standard of Review

The plaintiff bears the burden of showing that a court has personal jurisdiction over a defendant. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). A district court faced with a motion to dismiss under Rule 12(b)(2) may choose among several methods for determining whether the plaintiff has met its burden: the "*prima facie*" standard, the "preponderance-of-the-evidence" standard, or the "likelihood" standard. *Id.* at 50-51; *Foster-Miller, Inc., v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-47 (1st Cir. 1995); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675-78 (1st Cir. 1992).

Where, as here, a district court considers a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the *prima facie* standard governs its determination. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). This standard is the "most conventional" of the methods for determining personal jurisdiction. *Daynard*, 290 F.3d at 51 (quoting *Foster-Miller*, 46 F.3d at 145). In conducting a *prima facie* analysis, the court is required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed), construing them in the light most favorable to the plaintiff; the court, however, should not credit "conclusory allegations or draw farfetched inferences." *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994). The court can "add to the

mix [any] facts put forward by the defendants, to the extent that they are uncontradicted." *Daynard*, 290 F.3d at 51. Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement. *See Swiss Am. Bank*, 274 F.3d at 618.

## III. Personal Jurisdiction

The exercise of personal jurisdiction over a defendant must be both authorized by statute and consistent with the due process requirements of the United States Constitution. *See, e.g., Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996); *Intech, Inc., v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005); *Good Hope Indus., Inc. v. Ryder Scott, Co.*, 378 Mass. 1, 5-6 (1979). Furthermore,

> A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*Swiss Am. Bank*, 274 F.3d at 618 (citations and quotations omitted).

Plaintiff does not explicitly state whether she contends that this Court's jurisdiction over the defendant is specific, general, or both. In support of her assertion of jurisdiction, she states the following contacts between defendant and the Commonwealth of Massachusetts:

- the Club and plaintiff began negotiating an employment agreement while the plaintiff was located in Massachusetts (Cioffi Aff. ¶¶ 18-21);
- approximately one-half of the patrons of the club are Massachusetts residents (Cioffi Aff. ¶ 24); and
- approximately one-half of the employees at the club are Massachusetts

residents (Cioffi Aff. ¶ 25).[3]

The only cases plaintiff cites in her brief involve the assertion of specific jurisdiction, which suggests that she is making such an assertion. However, because there is no demonstrable nexus between plaintiff's claim and the second and third assertions she makes in support of the exercise of jurisdiction, the Court must assume that these assertions are intended to support an argument for general jurisdiction. Accordingly, the Court will evaluate both.

**A. General Jurisdiction**

A finding of general jurisdiction allows a court to exercise jurisdiction over a defendant in connection with suits that are not directly related to defendant's forum-based conduct. *Cossaboon v. Maine Medical Center*, 600 F.3d 25, 31 (1st Cir. 2010); *Pritzker v. Yari*, 42 F.3d 53, 59-60 (1st Cir. 1994). General jurisdiction subjects a defendant to suit in a forum state's court "in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *Cossaboon*, 600 F.3d at 31, (quoting *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999)). Constitutional limitations on the exercise of general jurisdiction allow a forum state to exercise general jurisdiction over an out-of-state defendant only if (1) the defendant has sufficient contacts with the forum state; (2) those contacts are purposeful; and (3) the exercise of jurisdiction is reasonable under the circumstances. *Cossaboon*, 600 F.3d at 32, (citing *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005)).

Plaintiff's assertion that approximately half of defendant's customers and employees reside in Massachusetts falls far short of the "stringent" requirements necessary to support the

[3] Plaintiff separately alleges that one-half of the dancers at the club are Massachusetts residents and that one-half of the employees at the club are Massachusetts residents. The Court sees no reason to differentiate between the club employees.

exercise of general jurisdiction. *See Cossaboon*, 600 F.3d at 32. The First Circuit has consistently held that the "unilateral activity" of patients who travel across state lines to receive medical treatment cannot subject a treatment facility to general jurisdiction. *Harlow*, 432 F.3d at 66 ("[t]reating patients from Maine in Massachusetts, even on a regular basis, is not the same as engaging in continuous and systematic activity in Maine. A hospital that treats Maine residents in Massachusetts is, quite simply, in a different position from a hospital that treats Maine residents in Maine."); *Cossaboon*, 600 F.3d at 39 ("MMC's treatment of some patients from the bordering state of New Hampshire does not indicate that MMC purposefully attracted New Hampshire patients or otherwise directed its services toward New Hampshire residents. We cannot subject MMC to general jurisdiction based on the "unilateral activity" of New Hampshire patients who choose to travel to Maine . . . ."). Similarly, the independent decisions of some Massachusetts residents to work at or frequent defendant's club in Rhode Island do not provide a basis for general jurisdiction.[4] Defendant has not deliberately established continuous and systematic contacts with Massachusetts such that it should reasonably anticipate being subject to suit in Massachusetts court. On this record, a Massachusetts court cannot constitutionally exercise general jurisdiction over Gilbert Enterprises.

**B. <u>Specific Jurisdiction</u>**

In Massachusetts, a federal court can assert specific personal jurisdiction over an out-of-state defendant in a diversity case only if the Massachusetts long-arm statute so allows and the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F. 2d 9, 11 (1st Cir. 1990). The

---

[4] Nor does defendant's concession that it once engaged in limited advertising in a Massachusetts publication change this calculus. *See Cossaboon* 600 F.3d at 39.

Court will proceed directly to the constitutional analysis, because "the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over [a] person to the limits allowed by the Constitution of the United States." *Adams v. Adams*, 601 F.3d 1, 5 (1st Cir. 2010). These limits will allow this Court to exercise jurisdiction only if it finds that defendant has minimum contacts with the state, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id*. (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The First Circuit has broken the minimum contacts analysis into three categories—relatedness, purposeful availment, and reasonableness:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007) (citing *Daynard*, 290 F.3d at 60).

**1. <u>Relatedness</u>**

The relatedness inquiry for tort claims focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action. *Swiss Amer. Bank*, 274 F.3d at 622. The First Circuit has stated that the relatedness inquiry should be evaluated by applying a "but-for" causation test—in other words, by asking whether the defendant's contacts with the Commonwealth constituted "the first step in a train of events that resulted in personal injury." *Lyle Richards International, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 114 (1st Cir. 1997).

In *Tatro v. Manor Care*, 416 Mass. 763, 771-72 (1994), the Supreme Judicial Court of

Massachusetts found that defendant's contacts with Massachusetts, which consisted of solicitation of business in the state and agreement to provide plaintiff with a hotel room in California while plaintiff was in the state, were a "but for" cause of plaintiff's personal injury that occurred in the hotel room. The court reasoned that had it not been for the contacts between the defendant and the plaintiff while the plaintiff was in the Commonwealth, the plaintiff would never have been in the hotel room at issue, and could not have been injured there. *Id.* Here, a broad interpretation of the "but-for" causation test similarly suggests that, but for the conversation between plaintiff and the manager of the club, plaintiff would not have become employed at the club, and would not have been injured by her co-worker. To the extent that the telephone call constitutes a forum-state activity, plaintiff's claim relates to it.

**2. <u>Purposeful Availment</u>**

The focus of the purposeful availment inquiry is the defendant's "intentionality." *Adams,* 601 F.3d at 6. Purposeful availment involves both voluntariness and foreseeability. *Id.*, (quoting *Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir. 1995)). Voluntariness requires that the defendant's contacts with the forum state were the deliberate result of the defendant's own actions, and were not based on the unilateral actions of another party. *Phillips v. Prairie Eye Ctr,*, 530 F. 3d 22, 28 (1st Cir. 2008). Foreseeability requires that the contacts with the forum state were such that they would lead the defendant to "reasonably anticipate being haled into court there." *Adams,* 601 F.3d at 6 (quoting *Adelson*, 510 F.3d at 50).

Defendant's contacts with Massachusetts are arguably voluntary. Although plaintiff initiated the phone call, plaintiff alleges that the manager she spoke with knew that she was from Massachusetts. The manager's decision to continue discussing potential employment of plaintiff

was defendant's own, voluntary action.

However, the decision by defendant's employee to accept plaintiff's telephone call and invite her for an audition is no basis for finding that the corporation should have reasonably foreseen that it could thereafter be "haled into court" in Massachusetts. A defendant's awareness of the plaintiff's state of residence is not sufficient to justify personal jurisdiction. *Phillips*, 530 F.3d at 28-29. Indeed, the First Circuit has explicitly stated that "[w]ithout evidence that the defendant actually reached out to the plaintiff's state of residence to *create* a relationship—say, by solicitation—the mere fact that the defendant willingly entered into a tendered relationship does not carry the day." *Phillips Exeter*, 196 F.3d at 292. Defendant did not reach into Massachusetts to contact plaintiff; rather, it was the other way around. *See Phillips*, 530 F.3d at 29. Plaintiff was actively seeking employment in Rhode Island, and reached out to defendant's manager to inquire about a job. Plaintiff traveled to Rhode Island to audition for the job. No agent of defendant ever entered Massachusetts.

Further, there is no allegation that defendant did anything to avail itself of the protections of Massachusetts law or any other services provided by the state. *Phillips*, 530 F.3d at 29; *Phillips Exeter Acad*., 196 F.3d at 292. Accordingly, Gilbert Enterprises has not purposefully availed itself of Massachusetts law in any way permit this Court to exercise jurisdiction over the defendant.

**3. <u>Reasonableness</u>**

Even if the requisite contacts exist, the court's exercise of jurisdiction must "comport with fair play and substantial justice." *U.S.S. Yachts*, 894 F.2d at 11. The Supreme Court has identified five "gestalt factors" which bear upon the fairness of subjecting nonresidents to this

Court's jurisdiction. *Sawtelle*, 70 F.3d at 1394. These factors are: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Id*. (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

However, these factors "come into play only if the first two segments of the test for specific jurisdiction have been fulfilled." *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1091 n. 11 (1st Cir. 1992). Where, as here, plaintiff has failed to demonstrate the necessary minimum contacts, the Court need not even reach the issue of reasonableness. *Sawtelle*, 70 F.3d at 1394.

Because this Court does not have personal jurisdiction over Gilbert Enterprises, it cannot reach defendant's argument regarding the statute of limitations.

## IV. <u>Dismissal or Transfer</u>

In the ordinary course, a court's lack of personal jurisdiction over a defendant mandates dismissal of the case. However, 28 U.S.C. § 1406(a) states: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." This provision has been interpreted as permitting transfer in cases where the transferring court lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Pedzewick v. Foe*, 963 F. Supp. 48 (D. Mass. 1997). Thus, if the interests of justice so require, this Court has the authority to transfer this case to the District of Rhode Island.

Defendant contends that the statute of limitations expired on this action the day before plaintiff filed. Plaintiff appears to contend that she filed on the last possible day. Thus, if the Court were to dismiss plaintiff's case, plaintiff would have to file immediately in the proper forum, or else be permanently barred from refiling in the proper venue. Consequently, it appears that the interests of justice may favor a transfer of venue. However, because neither side has moved for a change of venue, and because the issue of what to do in the absence of personal jurisdiction has not been fully briefed by both parties, the Court takes no position at this time on whether a transfer of venue is proper.

## V. Conclusion

For the foregoing reasons, the Court finds that it does not have personal jurisdiction over defendant Gilbert Enterprises, Inc. The parties are hereby ORDERED to submit supplemental briefing by January 3, 2013 as to whether the case should be dismissed or transferred to the District of Rhode Island.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 11, 2012